**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| C.R. BARD, INC., | No.  23-16020 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00284-DGC |
| v. | |
| ATRIUM MEDICAL CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted July 9, 2024
San Francisco, California

Before:  FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

In a concurrently filed opinion, we resolve the patent-misuse question presented by this appeal.  In this memorandum disposition, we address the remaining issues.

1.  Because we hold that the parties' agreement does not constitute patent misuse, we need not evaluate Bard's quantum-meruit argument.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

2. Atrium contends that the parties' agreement terminated in 2019 because it does not include the Canadian patent, which is owned by Bard Peripheral Vascular, Inc. ("BPV"), a wholly owned subsidiary of Bard. We reject that argument.

The License Agreement is governed by Delaware law. Under Delaware law, "a contract's construction should be that which would be understood by an objective, reasonable third party." *Salamone v. Gorman*, 106 A.3d 354, 367–68 (Del. 2014) (quoting *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010)). "Other documents or agreements can be incorporated by reference" into an agreement. *Town of Cheswold v. Cent. Del. Bus. Park*, 188 A.3d 810, 818 (Del. 2018).

Section 7.2(d) of the License Agreement provides that it "shall automatically terminate" if a court judgment "sets forth a determination of invalidity or unenforceability of all claims of the Patent then outstanding that were asserted by Licensor against Licensee in that certain Complaint for Patent Infringement filed with U.S. District Court for the District of Arizona, Case No. 2:10-cv-01694-DGC." That infringement complaint is thus incorporated by reference into the License Agreement because that complaint is necessary to understand the terms of the Agreement. Without looking at that complaint, an "objective, reasonable third party" would not understand the terms of the Agreement because she would not know what sort of court ruling would trigger section 7.2(d). *Salamone*, 106 A.3d

2

at 367–68. The infringement complaint is therefore intrinsic evidence of the meaning of the parties' agreement, so it can and must be considered in construing the terms of the agreement—whether or not there is any ambiguity in the text of the License Agreement itself.

Once the infringement complaint is properly considered in construing the License Agreement, it is clear that the parties intended the word "Licensor" to include BPV. The text of the License Agreement describes the infringement complaint as including claims "asserted by Licensor." And the infringement complaint includes only claims by BPV. Considering section 7.2(d) of the License Agreement and the infringement complaint together, then, it is apparent that section 7.2(d) of the License Agreement uses "Licensor" to mean BPV as well as Bard. The "patents of the Licensor" covered by the parties' agreement therefore include the Canadian patent.

**AFFIRMED IN PART AND REVERSED IN PART.**